**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION**

TERRY M. HOWLEY,

    Plaintiff,

v.

FRED L. BORCHARD,

    Defendant.
                                /

CASE NO. 08-CV-13977

DISTRICT JUDGE THOMAS LUDINGTON
MAGISTRATE JUDGE CHARLES BINDER

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
PURSUANT TO 28 U.S.C. § 1915e(2)(B)**

**I.     RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the case be *sua sponte* **DISMISSED** for lack of jurisdiction.

**II.    REPORT**

    **A.    Introduction**

Plaintiff Terry Howley filed this *pro se* civil action against Saginaw County (Michigan) Circuit Court Judge Fred. L. Borchard, who presided over a "legal matter" involving a property dispute between Plaintiff and at least one of his siblings. In the underlying state suit, it appears that Plaintiff alleged that his sister sold and received the profits from a piece of commercial property that had been inherited equally by Plaintiff, the sister, and two other siblings. Plaintiff alleges in the instant complaint that Judge Borchard committed "malpractice" when he failed to recuse himself from hearing the case, despite the fact that he was formerly a partner in the law firm that represented the real estate office that handled the sale of the commercial property, and the fact

that the judge's brother is still a partner in that firm.[1] Plaintiff asserts that by paying the state court filing fee, he "retained" the judge and thus created a fiduciary relationship which the judge violated by not recusing himself due to his past and present connection to the real estate agency. (Compl. at 2-3.) Plaintiff further alleges that Judge Borchard "fraudulently induced the Plaintiff to accept unjust settlement offer regarding the legal matter, which was unjust and unfair." (Compl. at 3.) Plaintiff seeks approximately one-half million dollars in damages.

On October 16, 2008, Plaintiff's application to proceed without prepayment of fees was granted pursuant to the *in forma pauperis* statute. *See* 28 U.S.C. § 1915(a)(1). The case was referred to the undersigned magistrate judge for pretrial proceedings. (Dkt. 4.) After screening the *pro se* complaint pursuant to 28 U.S.C. § 1915e(2)(B), I find that the case is ready for report and recommendation.

**B.    Governing Law**

In enacting the original *in forma pauperis* ("IFP") statute, Congress recognized that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)). Therefore, Congress enacted a screening procedure, *see* 28 U.S.C. § 1915(e)(2)(B), which requires that the court review all complaints where the plaintiff is proceeding IFP and *sua sponte* dismiss a case before service of process if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

---

[1] Plaintiff has provided this Court with a copy of the Request for Investigation he filed with the Michigan Judicial Tenure Commission and supporting documentation. (Exhibits, Dkt. 3.)

When a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Of course, even in cases where the screening statute does not apply, the "first and fundamental question presented by every case brought to the federal courts is whether it has jurisdiction to hear a case . . . ." *Douglas v. E.G. Baldwin & Assocs., Inc.,* 150 F.3d 604, 606-07 (6th Cir. 1998).

**C.     Discussion**

I recommend that Plaintiff Howley's complaint be *sua sponte* dismissed because this Court lacks jurisdiction over the claims raised therein. There are two ways this Court can obtain jurisdiction over a case or controversy; first, the United States Code provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This statute confers on the federal district courts what is known as "federal question jurisdiction." In this case, however, Plaintiff neither cites nor refers to any federal law, treaty, or section of the Constitution. Instead, Plaintiff raises common law claims of negligence, malpractice, and fraudulent inducement. Although *pro se* complaints are to be construed liberally, *see Haines, supra,* courts are not to infer a cause of action based upon the facts alleged when a complaint clearly states a claim under a different cause of action.[2] *See*

---

[2] I note that even if Plaintiff had brought suit under 42 U.S.C. § 1983 alleging the violation of a right secured by the federal Constitution or laws committed by a person acting under color of state law, the case would nevertheless be subject to *sua sponte* dismissal. Under the doctrine of judicial immunity, judges are immune from suits seeking money damages based on their judicial acts. *See Mireles v. Waco*, 502 U.S. 9, 9-10, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991); *Kipen v. Lawson*, 57 Fed. App'x 691 (6th Cir. 2003); *Johnson v. Turner*, 125 F.3d 324, 333 (6th Cir. 1977). The doctrine is justified "by a long settled understanding that the independent and impartial exercise of judgment vital to the judiciary might be impaired by exposure to potential damages liability." *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). This principle of independent decision-making is so important to our system of jurisprudence that judicial immunity even extends to allegations of judicial acts done incorrectly, maliciously or corruptly. *Stump v. Sparkman*, 435 U.S. 349, 356, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978).

*Bogovich v. Sandoval*, 189 F.3d 999, 1001-02 (9th Cir. 1999) (district court improperly construed *pro se* complaint alleging only an ADA violation as stating a § 1983 claim). "'[T]he party who brings a suit is master to decide what law he will rely upon.'" *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 n.7, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987) (quoting *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25, 33 S. Ct. 410, 57 L. Ed. 716 (1913)).

The other type of original federal district court jurisdiction is diversity jurisdiction. Pursuant to 28 U.S.C. § 1332, diversity jurisdiction arises when the matter is between citizens of different states and the amount in controversy exceeds $75,000. Diversity jurisdiction does not apply in this case because both parties are residents of Michigan.

Accordingly, because neither federal question or diversity jurisdiction exist in this case, I suggest that the complaint be *sua sponte* dismissed.

### III. **REVIEW**

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

*s/* 𝓒𝓱𝓪𝓻𝓵𝓮𝓼 𝓔 𝓑𝓲𝓷𝓭𝓮𝓻

CHARLES E. BINDER
United States Magistrate Judge

Dated: October 20, 2008

## **CERTIFICATION**

     I hereby certify that this Report and Recommendation was electronically filed this date, served by first class mail on Terry M. Howley, 4106 E. Wilder Rd., #288, Bay City, MI, 48706; and served on District Judge Ludington in the traditional manner.

Date:  October 20, 2008                By     s/Jean L. Broucek
                                                   Case Manager to Magistrate Judge Binder